UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAJUAN HUDDLESTON,<br>Plaintiff,<br>v.<br>KHALIB, *et al*,<br>Defendants. | No. 1:26-cv-6554-EPG (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>(ECF No. 5)<br><br>THIRTY-DAY DEADLINE |

## I. INTRODUCTION

Plaintiff DaJuan Huddleston is a Madera County Jail inmate proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. (ECF Nos. 1, 4). Plaintiff filed the complaint initiating this action on August 17, 2026. (ECF No. 1). He generally alleges a host of constitutional violations at Madera County Jail, claiming sheriff deputies retaliated against him for filing grievances, prevented him from receiving mail, prevented him from communicating with his friends and family, and failed to provide him with a working electronic tablet. (*See* ECF No. 1).

On August 27, 2026, the Court screened the complaint and concluded that Plaintiff's complaint failed to state any cognizable claims. The Court provided Plaintiff with the following options on how to proceed:

> Plaintiff may file an amended complaint if he believes that additional facts would state additional claims. If Plaintiff files an amended complaint, the Court will screen that amended complaint in due course.
>
> Alternatively, Plaintiff may file a statement with the Court saying that he wants to stand on this complaint and have it reviewed by a district judge, in which case the Court will issue findings and recommendations to a district judge consistent with this order.

(*Id.* at 1-2)

The thirty-day deadline to comply with the screening order was September 28, 2026 and Plaintiff failed to respond to the screening order.

Accordingly, for the reasons below, the Court will recommend that Plaintiff's case be dismissed, without prejudice, for failure to prosecute and failure to comply with a court order.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner raises claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Because Plaintiff is proceeding *in forma pauperis* (ECF No. 4), the Court may also screen the complaint under 28 U.S.C. § 1915(e)(2)(B)(i-iii), which directs the Court to dismiss a case at any time if the Court determines that it is frivolous or malicious, fails to state a claim, or seeks relief against an immune defendant.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner raises claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Because Plaintiff is proceeding *in forma pauperis* (ECF No. 4), the Court may also screen the complaint under 28 U.S.C. § 1915(e)(2)(B)(i-iii), which directs the Court to dismiss a case at any time if the Court determines that it is frivolous or malicious, fails to state a claim, or seeks relief against an immune defendant.

## III. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff is an inmate currently housed at Madera County Jail in Madera, California. (ECF No. 1). Plaintiff alleges the underlying claims of his complaint occurred at this location. Plaintiff names as defendants: (1) H. Khalib; (2) S. Ruiz; (4) S. Harrison; and (4) Bettee. All defendants are employed in the Classification Service Unit at Madera County Jail. (*Id.*).

Plaintiff's complaint is forty pages in length, consisting of his complaint and various other documents, including grievances he has filed, his current sentence commitment, an abstract of judgment, and other documents.

Plaintiff's complaint is difficult to follow. He begins by stating that he had a zoom video conference court appearance on May 15, 2026. (ECF No. 1 at 3.). He further states he arrived at the Madera County Jail on this date as a transfer from his institute of confinement. (*Id.*). He states that he has filed numerous grievances and attempted to exhaust administrative remedies. (*Id.*). He alleges his cell was searched by Officers Ruiz, Behee, and Khalib in retaliation for "grieving." He further states he has not been allowed to receive legal mail or correspondence from his lawyers or the courts. (*Id.*). Plaintiff alleges that his due process rights have been violated. (*Id.*).

Plaintiff states that he has not been allowed to communicate with his friends or family and that individuals are providing other inmates with his family's information. He further states that other inmates have been allowed to access his tablet. (*Id.* at 4). When he has been provided a tablet, he claims it was a "dud tablet." (*Id.* at 5).

Plaintiff finally states that none of his visitors are placed on his visiting list, which he represents demonstrates he is being targeted at the Madera County Jail.

For damages, Plaintiff seeks "hedonic damages," emotional/mental distress, punitive damages for being falsely imprisoned and subjected to cruel and unusual punishment.

## IV. ANALYSIS OF PLAINTIFF'S COMPLAINT

### a. Section 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived her of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

"The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of her rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695

(1978).

**b. Rule 8**

Plaintiff's complaint is subject to dismissal because it lacks a short and plain statement of the claim, as required by Rule 8 of the Federal Rules of Civil Procedure.

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). The complaint must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant personally participated in deprivation of his rights. *Iqbal*, 556 U.S. at 676-77.

> Additionally, a complaint should not be pled in a "shotgun" manner, which occurs when a party indiscriminately incorporates assertions from one count to another, for example, by incorporating all facts or defenses from all previous counts into each successive count ... prevent[ing] the opposing party from reasonably being able to prepare a response or simply mak[ing] the burden of doing so more difficult.

5A *Wright & Miller's Federal Practice and Procedure* § 1326 (4th ed. 2024).

Plaintiff's complaint is a "shotgun" pleading that does not contain a short and plain statement of Plaintiff's claims, as required by Rule 8. Plaintiff's complaint does not clearly explain what conduct any individual defendant undertook or did that may violate his constitutional rights. Additionally, Plaintiff's complaint groups all defendants together in his factual description, without stating what any individual defendant did or failed to do. Moreover,

Plaintiff refers to defendants once by name in his complaint (ECF No. 1 at 3) and then makes vague references to "sheriff deputies" throughout, such that it is not clear which defendants did, or failed to do, which actions.

**c. Retaliation**

Plaintiff also fails to allege facts establishing a First Amendment retaliation claim.

"[A] viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). A plaintiff can plead the fifth element "by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious . . . or that they were 'unnecessary to the maintenance of order in the institution.'" *Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012) (citations omitted).

With these standards in mind, Plaintiff has failed to allege facts that state a claim for retaliation in violation of the Eighth Amendment. Plaintiff claims that defendants continue to retaliate against him but does not provide other facts supporting this conclusion. He does not describe anything any defendant said or did that indicates they acted adversely against Plaintiff because of Plaintiff's protected conduct.

As such, Plaintiff has failed to state a cognizable claim of retaliation in violation of the First Amendment.

**d. Access to Legal Mail**

Plaintiff also states in his complaint that defendants are interfering with his mail.

Generally, prisoners have "a First Amendment right to send and receive mail." *Witherow v. Paff,* 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). However, a prison may adopt regulations or practices that impinge on a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests." *See Turner v. Safley*, 482 U.S. 78, 89 (1987).

Inmates have a right under the First and Sixth Amendments to have their properly marked

legal mail opened in their presence, and prison officials may not read their legal mail. *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (concluding that First Amendment protected right of prisoner to have legal mail opened in his presence); *Mangiaracina v. Penzone*, 849 F.3d 1191, 1196 (9th Cir. 2017) (concluding that pretrial detainee had a Sixth Amendment right to privately confer with counsel and not have legal mail opened outside his presence); *Nordstrom v. Ryan*, 762 F.3d 903, 910-11 (9th Cir. 2014) (concluding that the Constitution prohibits reading ongoing attorney-client correspondence). The rationale for these protections is that permitting prison officials to inspect legal mail outside an inmate's presence could chill attorney-client communications. *See Nordstrom*, 762 F.3d at 910 ("It takes no stretch of imagination to see how an inmate would be reluctant to confide in his lawyer about the facts of the crime, perhaps other crimes, possible plea bargains, and the intimate details of his own life and his family members' lives, if he knows that a guard is going to be privy to them, too.").

To prove a violation regarding legal mail, a plaintiff must "clarify who sent the mail or whether it was properly marked as 'legal mail.'" *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211 (9th Cir. 2017). The Ninth Circuit has not provided a definitive answer as to how legal mail must be labeled to be "properly marked" and has declined to "decide whether mail clearly sent from a lawyer to an inmate but lacking the "Legal Mail" designation may be opened outside the presence of the inmate." *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), *opinion amended on denial of reh'g*, 135 F.3d 1318 (9th Cir. 1998); *see Evans v. Gower*, No. 2:17-CV-01162-MK, 2022 WL 3226968, at *8 (D. Or. Aug. 10, 2022) ("Since *Hayes*, the Ninth Circuit has left open the question of what exactly constitutes "properly marked" legal mail.").

Additionally, a plaintiff must show that the opening of the mail was due to more than negligence to state a constitutional violation. *Stevenson v. Koskey*, 877 F.2d 1435, 1441 (9th Cir. 1989) ("Stevenson has not shown, based on this record, that Koskey's conduct concerning plaintiff's mail rose beyond the level of mere negligence."). However, [t]he absence of a clear pattern beyond [a couple] incidents does not preclude relief" because "even isolated incidents of improper mail opening may, in appropriate circumstances, be sufficient to allege a [constitutional] violation." *Mangiaracina*, 849 F.3d at 1197. Notably, "[t]wo or three pieces of mail opened in an arbitrary or capricious way suffice to state a claim." *Hayes*, 849 F.3d at 1211

(quoting *Merriweather v. Zamora*, 569 F.3d 307, 317 (6th Cir. 2009)).

Here, Plaintiff appears to claim that he has not been given his "mail" or "legal mail" from unknown parties and from his lawyers or the court. However, Plaintiff does not provide further details about this allegation.

For these reasons, the Plaintiff has failed to state a claim for legal mail under the First and Sixth Amendments.

## V. FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDER

Based on Plaintiff's failure to respond to the Court's screening order, the Court recommends dismissal of the case without prejudice based on Plaintiff's failure to prosecute case and to comply with the Court's order.

> In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Therefore, the first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." (*Id.*) (citations omitted). Plaintiff has failed to respond to the Court's screening order. This failure to respond is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." (*Id.*) (citing *Yourish,* 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale,"

*id.* at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and has failed to comply with the Court's order, despite being warned of possible dismissal, there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* status, it appears that monetary sanctions are of little use to prompt him to comply with future orders. And given the stage of these proceedings, the preclusion of evidence or witnesses is not available.

Lastly, because the dismissal being recommended in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice. Therefore, the fourth factor weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this final factor weighs against dismissal. (*Id.)*

After weighing the factors, the Court finds that dismissal is appropriate.

## VI. CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** the following:

1. The Clerk of Court is directed to randomly assign a district judge to the action.

Additionally, based on the foregoing, it is **HEREBY RECOMMENDED** that:

1. This action be dismissed, without prejudice, for failure to prosecute and failure to comply with a court order.
2. The Clerk of Court be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be**

**considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 13, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE