UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAJUAN HUDDLESTON,

Plaintiff,

v.

KHALIB, et al.,

Defendants.

Case No. 1:26-cv-6554-JLT-EPG (PC)

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL, WITHOUT PREJUDICE

(ECF No. 10)

Plaintiff DaJuan Huddleston is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action.

On November 5, 2026, 2026, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 10). Plaintiff seeks appointment of counsel because his imprisonment will greatly limit his ability to litigate the case, the issues in the case are complex and require significant research and investigation, and he has limited access to the law library and knowledge. (*Id.*).

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request

the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the limited record in this case, and currently the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, it appears that Plaintiff can adequately articulate his claims.

Plaintiff is advised that he is not precluded from renewing his request for appointment of pro bono counsel at a later stage of the proceedings.

For the reasons set forth above, IT IS HERE ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **November 6, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE